UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Marc Nall,
Plaintiff,

vs.

JPMorgan Chase Bank, N.A.,
Defendant.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

PLAINTIFF, as and for his cause of action (i.e., violation of the Fair Credit Billing Act) against the above-named defendant, states and alleges as follows:

## Introduction

**1.**    Like so many Americans in 2020, Marc Nall had travel plans that he was forced to scuttle due to the sudden onset of the Covid-19 pandemic. Fortunately, the airline with whom he had booked travel reasonably granted refunds to those consumers who decided to cancel their reservations.  The airline credited Mr. Nall's credit card that he had with Defendant JPMorgan Chase Bank. However, for reasons that remain unexplained, Defendant reversed the credit and now refuses to return Mr. Nall's money. Left with no other choice, Plaintiff brings this lawsuit.

1

## Statement of Jurisdiction

2. This Court has Jurisdiction over the subject matter of this action pursuant to 28 U.S.C §§1331 and 1367, and the Fair Credit Billing Act ("FCBA"), 15 U.S.C. §1666.

## Venue

3. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## Parties

4. Plaintiff Marc Nall is an adult resident of Hennepin County, Minnesota.

5. Defendant JPMorgan Chase Bank, N.A. ("Chase") is a nationally chartered bank.

## Facts

6. Plaintiff is, and at all times mentioned herein was, an "obligor" as that term is used in 15 U.S.C. §1666.

7. Defendant Chase is, and at all times relevant to this complaint was, a "creditor" as defined by 15 U.S.C. §1602g.

8. On or about December 24, 2019, Plaintiff and his wife booked airline tickets with EVA Airways Corporation ("EVA") for travel between Taiwan and Bali to take place starting on March 17, 2020.

9. The price of the four tickets purchased by Plaintiff was $1,690.79 U.S. Dollars.

10. Plaintiff paid for the tickets using his United Mileage Plus credit card with Defendant Chase ("the Credit Card").

11. On or about February 13, 2020, Plaintiff paid the full balance due and owing on the Credit Card, which included the charges for the airline tickets.

12. The history of the Covid-19 pandemic has been covered in more than sufficient detail outside the pages of this Complaint. For purposes of the present dispute, it is sufficient to say that international travel, particularly to east Asia, became significantly worrisome and less desirable as February 2020 wore on.

13. As a result, Plaintiff and his wife sought to cancel their trip and asked EVA for a refund of their airfare.

14. On March 11, 2020, the World Health Organization declared Covid-19 a worldwide pandemic.

15. As a result, Plaintiff and his wife did not take their scheduled March 17, 2020 flight.

16. On or about March 24, 2020, EVA agreed to refund Plaintiff and his wife the full cost of the flight they did not take.

17. Despite assurances from EVA that the Credit Card would be refunded for the cost of his flight, no refund appeared on Plaintiff's billing statement.

18. As a result, Plaintiff telephoned Chase to lodge a dispute regarding the airfare refund that was supposed to, but had not, appeared on the Credit Card.

19. In response, Chase placed a credit on the Credit Card in the amount of $1,692.31.[1]

20. A short while later, EVA *also* refunded $1,692.31 to the Credit Card, resulting in a double credit.

---

[1] The $1.32 discrepancy between the purchase price and the refund amount is due to the transactions being conducted in foreign currency.

21. Plaintiff immediately telephoned Chase to inform it that he had been double credited and that he should only have one credit for $1,692.31.

22. When he opened the Credit Card statement for the billing period ending on May 17, 2020, Mr. Nall was dismayed to discover that Chased had rebilled the airfare and a charge in the amount of $1,692.31 was erroneously appearing on the Credit Card billing statement.

23. On or about June 2, 2020, *per the explicit instruction of Chase's telephone representatives*, Plaintiff faxed Defendant a letter disputing the charge that had been placed back on his bill.

24. On or about July 24, 2020, Chase responded to Plaintiff's June 2 dispute by informing him that it determined the dispute was valid and providing no other details.

25. Since that time, Plaintiff has conducted Chase, both in-writing and over-the-phone, numerous times in order to explain that he should not have been rebilled for the previously refunded airline tickets.

26. Chase initially responded that EVA had determined that Mr. Nall was not entitled to a refund.

27. However, Mr. Nall confirmed with EVA representatives that they never initiated another charge to the Credit Card.

28. After Plaintiff informed Chase of this fact, Chase informed Mr. Nall that too long a time had taken place since the time of the charge.

29. Upon information and belief, Defendant failed to conduct an investigation as required by the Fair Credit Billing Act.

30. Plaintiff has continued making minimum payments on the Credit Card since the time he was rebilled for the airfare.

31. Those minimum payments have gone toward the incorrectly rebilled airfare and the interest incurred thereon.

32. As a result of Defendants' conduct, Plaintiff suffered from out-of-pocket damages, anger, frustration, anxiety, and humiliation.

## Specific Claims

Count I–Violations of 15 U.S.C. §1666 and Regulation Z 12 C.F.R. §226.13

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Chase constitute violations of the Fair Credit Billing Act, 15 U.S.C. §1666, and Regulation Z, 12 C.F.R. §226.13.

Count II-Conversion

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. By rebilling the Credit Card for the previously refunded airfare and accepting payment thereon, Defendant knowingly obtained property belonging to Plaintiff intentionally and wrongfully exercising dominion, ownership, or control over personal property to which Plaintiff had had a right of immediate possession.

37. Defendant had no right of possession over Plaintiff's personal property at the time that it improperly and wrongfully exercised dominion, ownership, or control over it, acting inconsistently with Plaintiff's ownership of such property.

38. Defendant's conversion harmed and damaged Plaintiff.

Count III-Unjust Enrichment

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. By rebilling the Credit Card for the previously refunded airfare and accepting payment thereon, Plaintiff conferred benefits upon the Defendant, to which it was not and is not legally entitled, which Defendant nonetheless knowingly and voluntarily appreciated and accepted.

## Jury Demand

41. Plaintiff hereby demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff by and through his attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendants as follows:

a. All actual compensatory damages suffered;

b. Statutory damages;

c. Punitive damages;

d. An order requiring Defendant to forfeit any right to collect the first $50.00 of the disputed amount and any finance charges thereon from Plaintiff;

e. An order requiring Defendant to credit Plaintiff with the disputed amount and related finance charge or other charges;

f. Reasonable attorney's fees, litigation expenses, and cost of suit; and

g. Any other relief deemed appropriate by this Honorable Court.

Dated: December 2, 2020               Respectfully Submitted,

                                                                                   PETERSON LEGAL, PLLC

                                                                                  <u>s/ Ryan D. Peterson</u>
                                                                                  Ryan D. Peterson (#0389607)
                                                                                  5201 Eden Avenue, Suite 300
                                                                                  Edina, MN 55436
                                                                                  (612) 367-6568
                                                                                  ryan@peterson.legal
                                                                                  ATTORNEY FOR PLAINTIFF